ORIGINAL

SETH L. NEULIGHT, State Bar No. 184440
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (866) 905-6453

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

FILED

'10 FEB 22 PM 3: 00

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

By Fax

STEVEN A. RUBIN,

                    Plaintiff,

        vs.

KAISER FOUNDATION HEALTH PLAN,
INC., an unknown entity and DOES 1
THROUGH 100, inclusive,

                    Defendants.

Case No.: '10 CV 0 4 0 7  L  RBB

NOTICE OF REMOVAL OF CIVIL
ACTION

        TO THE CLERK OF THE U.S. DISTRICT COURT:

        PLEASE TAKE NOTICE THAT defendant Kaiser Foundation Health Plan, Inc.

("Defendant") removes to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, the pending

state court civil action identified in paragraph 1 below on the following grounds:

        1.      On or about October 23, 2009, plaintiff Steven A. Rubin ("Plaintiff") commenced a

civil action against Defendant in the Superior Court of the State of California, in and for the

County of San Diego, entitled *Steven A. Rubin v. Kaiser Foundation Health Plan, Inc.,* Case No.

37-2009-00101073-CU-WT-CTL (hereinafter, "State Court Action.") A true and correct copy of

the Complaint is attached hereto as Exhibit A.

        2.      On January 22, 2010, Defendant's registered agent for service of process in

California, the Corporation Service Company ("CSC"), received by personal service the

Summons, Complaint, and a Notice of Case Assignment. True and correct copies of the

1

NOTICE OF REMOVAL OF CIVIL ACTION

1    Summons, Notice of Case Assignment, and a Notice of Service of Process from CSC, are attached

2    collectively hereto as Exhibit B.

3        3.    A state court civil action in which there are claims alleged arising under the

4    Constitution and laws of the United States may be removed to a United States District Court,

5    without regard to the amount in controversy. 28 U.S.C. §§ 1331, 1441. The above-entitled State

6    Court Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b), in that

7    Plaintiff's Complaint asserts a First Cause of Action for "Violation of the Family and Medical

8    Leave Act of 1993 (29 U.S.C. § 2606 *et seq.*)." Plaintiff separately alleges in the First Cause of

9    Action that "[t]his action is brought pursuant to the Federal Americans with Disabilities Act

10   ("ADA") . . ." Complaint, ¶ 7.

11       4.    Even if the Court does not have original jurisdiction over other causes of action

12   asserted in the Complaint, Plaintiff's California law claims arise out of the same events forming

13   the basis of his federal claims arising under the Family and Medical Leave Act ("FMLA") and the

14   Americans with Disabilities Act ("ADA"). Thus this Court may exercise supplemental

15   jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

16       5.    This Notice of Removal of Civil Action is filed timely within the period prescribed

17   by 28 U.S.C. § 1446(b) in that it was filed within thirty (30) days of the effective date upon which

18   Defendant was served with the Complaint setting forth the allegations which give rise to this

19   Court's federal question jurisdiction over the action.

20       6.    San Diego County is located within the jurisdiction of this Court. Therefore, this

21   Court is the proper venue for removal of the State Court Action.

22       7.    The pleadings attached hereto as Exhibits A and B consist of all of the pleadings

23   known by Defendant to be filed and/or served in the State Court Action as of the date of this

24   Notice of Removal.

25   / / /

26   / / /

27   / / /

28   / / /

NOTICE OF REMOVAL OF CIVIL ACTION

1    8.    For the above reasons, the State Court Action is removable to this Court pursuant to

2  28 U.S.C. §§ 1331, 1367 and 1441.

3  Dated: February 22, 2010                    NIXON PEABODY LLP

4

5                                          By

6                                             Seth L. Neulight
                                             Attorneys for Defendant
7                                            KAISER FOUNDATION HEALTH PLAN, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

**EXHIBIT A**

# EXHIBIT A

DEB C. PEDERSDOTTER, State Bar No. 131815
Attorney at Law
402 West Broadway, 4th Floor
San Diego, CA 92101-3554
Phone No. (619) 291-3373
Fax No. (619) 293-7705

Attorney for Plaintiff
STEVEN A. RUBIN

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
OCT 2 3 2009
CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO -- CENTRAL

STEVEN A. RUBIN, an individual,

       Plaintiff,

vs.

KAISER FOUNDATION HEALTH PLAN, INC., an unknown entity and DOES 1 THROUGH 100, inclusive,

       Defendants.

CASE NO. 37-2009-00101073-CU-WT-CTL

COMPLAINT

## GENERAL ALLEGATIONS

1.    Plaintiff Steven A. Rubin is, and at all times herein mentioned was, a resident of San Diego County, California; and was formerly an employee of Defendants KAISER FOUNDATION HEALTH PLAN, INC., and Does 1 through 100, inclusive (hereinafter jointly "KFHP").

2.    Defendant KAISER FOUNDATION HEALTH PLAN, INC. is a corporation authorized to do and doing business within the State of California and in the County of San Diego.

3.    Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 100, inclusive; and therefore identifies these defendants by said fictitious names. Plaintiff will take action to amend this Complaint to allege the true names and capacities of these fictitiously-named defendants promptly after these become known to him.

1

COMPLAINT

1    4.    Each of the fictitiously-named defendants is in some manner responsible for the

2    events, occurrences and wrongful conduct herein alleged; and Plaintiff's damages were legally

3    caused by the conduct, acts and/or omissions of said defendants.

4    5.    In undertaking the wrongful conduct herein alleged, each defendant acted as the agent,

5    servant, representative, partner, joint venturer, alter ego and/or employee of each of the other

6    defendants, acting within the scope of authority of such agent, servant, representative, partner, joint

7    venture, alter ego and/or employee with the express and/or implied approval, knowledge, consent

8    and/or ratification of each other defendant.

9    FIRST CAUSE OF ACTION FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE

10            ACT OF 1993 (29 U.S.C. § 2606 et seq.) AGAINST ALL DEFENDANTS

11    6.    Plaintiff incorporates by this reference each and every allegation contained in

12    paragraphs 1 through 5 above as though set forth in full at this point.

13    7.    This action is brought pursuant to the Federal Americans with Disabilities Act

14    ("ADA") and its California enacted confirmation of the protections therein. Defendants are engaged

15    in interstate commerce or in an industry or activity affecting interstate commerce.

16    8.    Plaintiff is informed and believes, and based thereon alleges, that for twenty or more

17    work weeks during calendar years 2008 and 2009, and at all other times relevant to this Complaint,

18    Defendants regularly employed at least fifty people, thus bringing Defendants within the purview

19    of the ADA.

20    9.    Plaintiff was employed by Defendants for more than twelve months, and worked at

21    least 1,250 hours over the twelve months preceding his initial request for a health related

22    accommodation in his work conditions.

23    10.    Plaintiff was employed by Defendants for more than twelve months, and worked at

24    least 1,250 hours over the twelve months preceding his request for an accommodation.

25    11.    Despite multiple requests from Plaintiff for Defendants to impose work restrictions

26    in keeping with the directives of his medical providers, and/or to favorably consider Plaintiff's

27    request for a reassignment that would accomplish the same health-driven objectives, Defendants

28    refused.

2

1     12.    Plaintiff advised Defendants that the necessary accommodations were a condition

2  precedent, upon which his doctor's conditional release to return to work was based, and without

3  which the release was not applicable.  Plaintiff also advised Defendants that he would be returning

4  to his physician's office to obtain further guidance and clarity on that point.

5     13.    While Plaintiff was waiting to get in to see his doctor, in order to obtain said guidance

6  and clarity as to the need for the accommodations, and the impact of the lack of such support from

7  Defendants on his true release to work date, Defendants rushed to terminate Plaintiff's employment

8  on July 15, 2008, without just cause or severance.

9     14.    Defendants' wrongful conduct has caused Plaintiff monetary losses, including loss

10  of income, loss of benefits, and difficulties in securing comparable employment, all in amounts to

11  be proven at trial.

12     15.    As a direct, foreseeable and proximate result of Defendants' wrongful acts, Plaintiff

13  has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and

14  discomfort, all to Plaintiff's damage in amounts to be proven at trial.

15          SECOND CAUSE OF ACTION FOR WRONGFUL TERMINATION

16               AGAINST ALL DEFENDANTS

17     16.    Plaintiff incorporates by this reference each and every allegation contained in

18  paragraphs1 through 5 and 9 through 15 above as though set forth in full at this point.

19     17.    Defendants' actions as hereinabove described were also undertaken in violation of

20  the parties' written and/or implied employment contract(s), as well as Plaintiffs constitutional rights,

21  statutory prohibitions against unlawful discrimination, and public policies against unlawful

22  discrimination.

23     18.    Consequently, Defendants' termination of Plaintiff's employment was wrongful and

24  contrary to law, entitling Plaintiff to recover compensatory and punitive damages in amounts to be

25  determined at trial.

26     THIRD CAUSE OF ACTION FOR VIOLATION OF THE FAIR EMPLOYMENT AND

27        HOUSING ACT (Govt. Code § 12900 et seq.) AGAINST ALL DEFENDANTS

28     19.    Plaintiff incorporates by this reference each and every allegation contained in

paragraphs1 through 5 and 11 through 14 above as though set forth in full at this point.

20. This action is brought pursuant to the California Fair Employment and Housing Act, Government Code § 12900 et seq., which prohibits discrimination against a person in the terms, conditions or privileges of employment on the basis of that person's age or sex, among other protected criteria, and to the corresponding regulations of the California Department of Fair Employment and housing ("DFEH").

21. At all times mentioned in this Complaint, Defendants regularly employed 5 or more persons, bringing them within the provisions of section 12900, et seq., of the Government Code, prohibiting employers or their agents from discriminating against employees on the basis of various protected criteria, including age and sex.

22. Plaintiff's job performance was exemplary throughout its duration.

23. Defendants' conduct as alleged in this complaint constitutes an unlawful employment I0 practice in violation of Government Code section 12940 et seq.

24. Defendants' wrongful conduct violates statutes prohibiting discrimination in employment on the basis of sex, age and other protected criteria, as established by the California Fair Employment and Housing Act (Govt. Code section 12940 et seq.) and Article 1, section 8 of the California Constitution; entitling Plaintiff to recover damages in amounts to be proven at trial.

25. Defendants' wrongful actions and failures to act constituted unlawful practices in violation of the Fair Employment and Housing Act, Government Code section 12920 et seq.

26. Accordingly, Plaintiff filed a complaint against Defendants pursuant to Government Code section 12960. et seq.

27. On or about October 23, 2008, the DFEH issued Plaintiff a "Right to Sue letter" for the named Defendants, a copy of which is attached hereto as Exhibit "A".

28. Defendants' wrongful conduct pursuant to statute has caused Plaintiff monetary losses, including difficulties in securing comparable employment, all in amounts to be proven at trial.

29. As a direct, foreseeable and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and extreme discomfort, all to Plaintiff's damage in amounts to be proven at trial.

4

COMPLAINT

30.     Defendants' conduct was carried out with a conscious disregard for Plaintiff's rights, and with the intent to vex, injure or annoy him so as to constitute oppression, fraud, malice or despicable conduct under California Civil Code section 3294, thus entitling Plaintiff to recover exemplary or punitive damages.

### FOURTH CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS

31.     Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 5 and 11 through 14, and 22 through 30 above as though set forth in full at this point.

32.     Defendants' wrongful conduct violates the public policies of this state prohibiting discrimination in employment on the bases of age and sex, as embodied in the California Fair Employment and Housing Act (Govt. Code section 12940 et seq.) and Article I, section 8 of the California Constitution; entitling Plaintiff to recover damages in amounts to be proven at trial.

### FIFTH CAUSE OF ACTION FOR WRONGFUL TERMINATION AGAINST ALL DEFENDANTS

33.     Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 32 above as though set forth in full at this point.

34.     Defendants' actions as hereinabove described were also undertaken in violation of the parties' employment contract, as well as Plaintiff's constitutional rights, statutory prohibitions against unlawful discrimination, and public policies against unlawful discrimination.

35.     Consequently, Defendants' termination of Plaintiff's employment was wrongful and contrary to law, entitling Plaintiff to recover compensatory and punitive damages in amounts to be determined at trial.

### SIXTH CAUSE OF ACTION FOR BREACH OF IMPLIED CONTRACT AGAINST ALL DEFENDANTS

36.     Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 35 above as though set forth in full at this point.

37.     Plaintiff was an employee of Defendant KFHP and Does 1 through 100, inclusive, for

1  several years prior to the involuntary termination of his employment on July 15, 2008.

2      38.    Implied in the parties' employment relationship was Defendants' commitment to treat

3  Plaintiff fairly, honestly and in accordance with the law and generally observed principles of decency

4  and candor, throughout the duration of his employment.

5      39.    Defendants breached their implied agreement by failing to treat Plaintiff fairly,

6  honestly and in accordance with the law, all as hereinabove alleged, and according to proof.

7      40.    Defendants' actions with respect to the circumstances preceding and surrounding

8  Plaintiff's termination constitute a further breach of Defendants' obligations under the parties'

9  implied contract.

10      41.    As a result of Defendants' breaches, Plaintiff has been damaged in an amount to be

11  proven at trial.

12  PRAYER FOR RELIEF

13      WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

14      On the First Cause of Action:

15      1. For statutory damages pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C.

16  § 2606 et seq.);

17      2. For general damages according to proof;

18      3. For costs of suit; and

19      4. For such other and further relief as the Court may deem just and proper.

20      On the Second Cause of Action:

21      1. For damages recoverable under the California Family Rights Act (Govt. Code § 12945.2

22  & §19702.3);

23      2. For general damages according to proof;

24      3. For costs of suit; and

25      4. For such other and further relief as the Court may deem just and proper.

26      On the Third Cause of Action:

27      1. For general damages according to proof;

28      2. For punitive damages;

6

COMPLAINT

1   3. For attorney's fees incurred;

2   4. For costs of suit; and

3   5. For such other and further relief as the Court may deem just and proper.

4   On the Fourth and Fifth Causes of Action:

5   1. For general damages according to proof;

6   2. For punitive damages;

7   3. For costs of suit; and

8   4. For such other and further relief as the Court may deem just and proper.

9   On the Sixth Cause of Action:

10  1. For general damages according to proof;

11  2. For pre-judgment interest at the maximum rate permitted by law;

12  3. For costs of suit; and

13  4. For such other and further relief as the Court may deem just and proper.

14  DATED: October 23, 2009             LAW OFFICE OF
                                        DEB C. PEDERSDOTTER
15

16                                      By:

17                                          DEB C. PEDERSDOTTER
                                            Attorney for Plaintiff
18                                          STEVEN A. RUBIN

19

20

21

22

23

24

25

26

27

28

7

COMPLAINT

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov



October 23, 2008

STEVEN ALLEN RUBIN
6344 Coral Lake Avenue
San Diego, CA 92119

RE:    E200809D0138-00-ab
       RUBIN/KAISER FOUNDATION HEALTH PLAN

Dear STEVEN ALLEN RUBIN:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: An Administrative Decision.

Please be advised that this recommendation has been accepted and the case has been closed effective October 15, 2008.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

EXHIBIT "A"

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Ignacio R. Vazquez*

Ignacio R. Vazquez
District Administrator

cc:     Case File

Christine Chan
EEO Investigation Unit Manager
KAISER PERMANENTE
1950 Franklin St., 15th Floor
Oakland, CA 94612

DFEH-200-08b (06/06)
DDOMINGR

# EXHIBIT B

SUMMONS
*(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KAISER FOUNDATION HEALTH PLAN, INC., an unknown entity and DOES 1
THROUGH 100, inclusive

**F I L E D**
Clerk of the Superior Court

OCT 2 7 2009

By: M. SCOTT, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STEVEN A. RUBIN, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no le protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court -- Central Division
330 W. Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2009-00101073-
CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Deb C. Pedersdotter, 402 W. Broadway, 4th Floor, San Diego, CA  92101  Telephone No. 619.291.3373

DATE:  OCT 2 7 2009                                    Clerk, by _M. Scott_ , Deputy
*(Fecha)*                                              *(Secretario)*   M. Scott   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Kaiser Foundation Health Plan, Inc., An Unknown Entity

   under: ☒ CCP 416.10 (corporation).          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.access/aw.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7065 | |

PLAINTIFF(S) / PETITIONER(S):     Steven A. Rubin

DEFENDANT(S) / RESPONDENT(S): Kaiser Foundation Health Plan, Inc.

RUBIN VS. KAISER FOUNDATION HEALTH PLAN, INC.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2009-00101073-CU-WT-CTL |
|---|---|

Judge: Joan M. Lewis                                   Department: C-65

COMPLAINT/PETITION FILED: 10/23/2009

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2009-00101073-CU-WT-CTL    CASE TITLE: Rubin vs. Kaiser Foundation Health Plan, Inc.

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Steven A. Rubin |
|---|
| DEFENDANT(S): Kaiser Foundation Health Plan, Inc. |
| SHORT TITLE: RUBIN VS. KAISER FOUNDATION HEALTH PLAN, INC. |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER:<br>37-2009-00101073-CU-WT-CTL |
|---|---|

Judge: Joan M. Lewis                                Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                          _____
Name of Plaintiff                                 Name of Defendant

_____                          _____
Signature                                         Signature

_____                          _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                          _____
Signature                                         Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 10/27/2009 _____

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

3



CORPORATION SERVICE COMPANY'

# Notice of Service of Process

KUB / ALL
**Transmittal Number: 7331825**
**Date Processed: 01/23/2010**

| | |
|---|---|
| Primary Contact: | Jenelle Flewellen<br>Kaiser Foundation Hospitals<br>One Kaiser Plaza<br>Floor 19L<br>Oakland, CA 94612-3610 |
| Copy of transmittal only provided to: | Sally Hitchcock<br>Gail Perrin<br>Tricia Neesen<br>Barbara Frazier |

| | |
|---|---|
| **Entity:** | Kaiser Foundation Health Plan, Inc.<br>Entity ID Number 0460146 |
| **Entity Served:** | Kaiser Foundation Health Plan, Inc. |
| **Title of Action:** | Steven A. Rubin vs. Kaiser Foundation Health Plan, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court:** | San Diego County Superior Court, California |
| **Case Number:** | 37-2009-00101073-CU-WT-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/22/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Deb C. Pedersdotter<br>619-291-3373 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

## PROOF OF SERVICE

**CASE NAME:** **Steven A. Rubin v. Kaiser Foundation Health Plan, Inc.**
**COURT:**      **USDC, Southern District**
**CASE NO.:**
**NP FILE:**      **420167-000047**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On this date, I served the following document(s):

### NOTICE OF REMOVAL OF CIVIL ACTION AND CIVIL COVER SHEET

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__: By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

____: By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

____: By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

____: By Facsimile — From facsimile number  at approximately A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

Deb C. Pedersdotter
Attorney at Law
402 West Broadway, 4th Floor
San Diego, CA  94101-3554
Tel: 619-291-3373
*Attorneys for Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 22, 2010, at San Francisco, California.

_____
Mary Yow

PROOF OF SERVICE

12896767.1

ORIGINAL

%JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
STEVEN A. RUBIN

**DEFENDANTS**
KAISER FOUNDATION HEALTH PLAN, INC.

10 FEB 22 PM 2:58

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

'10 CV 0407 RBB

BY Fax

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Deb C. Pedersdotter, 402 West Broadway, 4th Floor, San Diego, CA 92101-3554; Tel. (619) 291-3373

Attorneys (If Known)
Seth L. Neulight, Nixon Peabody LLP, One Embarcadero Center, 18th Flr, San Francisco, CA 94111; (415) 984-8200

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | | **III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff |
|---|---|---|

(For Diversity Cases Only) and One Box for Defendant)

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 2606 et seq. and/or 42 USC 12101 et seq.   28.1331
Brief description of cause:
Wrongful termination; employment discrimination

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE
02/22/2010
SIGNATURE OF ATTORNEY OF RECORD
Seth L. Neulight

**FOR OFFICE USE ONLY**
RECEIPT # 10414   AMOUNT $350—   APPLYING IFP   JUDGE   MAG. JUDGE
MB 02-22-10

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010414
Cashier ID: mbain
Transaction Date: 02/22/2010
Payer Name: NATIONWIDE LEGAL
---------------------------------
CIVIL FILING FEE
 For: RUBIN V KAISER
 Case/Party: D-CAS-3-10-CV-000407-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 120001
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```