UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. RUBIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>　　　　　Defendant. | Civil No. 10-cv-407-L(RBB)<br><br>**ORDER ON ORDER TO SHOW CAUSE** |

On May 12, 2010 the court issued an order ordering the parties to respond and address Plaintiff's untimely amended complaint. Both sides filed a response. For the reasons which follow, the amended complaint filed May 10, 2010 is rejected. Plaintiff's request for enlargement of time to file an amended complaint is granted.

On March 15, 2010 Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition. Instead, he filed a notice of non-opposition stating that he intended to file an amended complaint. Plaintiff's amended complaint was filed on May 10, 2010. The last date for filing an amended complaint as a matter of course was April 5, 2010. *See* Fed. R. Civ. P. 15(a)(1)(B).

Because the amended complaint was untimely, the court ordered Plaintiff to show cause why the amended complaint should not be stricken, and Defendant to inform the court whether it opposed the filing of the untimely amended complaint. Plaintiff filed a response requesting an

enlargement of time to allow the amended complaint to stay on file, and Defendant filed a response stating its opposition to the amended complaint because it was untimely and because it did not address the defects in the original complaint, which were raised in the pending motion to dismiss.

Federal Rule of Civil Procedure 6(b) provides district courts with discretion to grant extensions of time.  This is so even when the request is made after the expiration of the time period to be extended, provided the request is made by motion and the delay was caused by excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).

*Pioneer Investment Services Company v. Brunswick Associates* established a balancing test to determine whether an untimely filing is due to excusable neglect.  507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*).  The determination whether neglect is excusable is an equitable one that depends on at least four factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395).

Plaintiff's counsel explained that the delay in filing the amended complaint was largely caused by a knee injury and the need to take pain medication, which kept her out of the office for more than two months.  Upon her return she erroneously following California procedural rules rather than federal rules pertaining to amendment.

Defendant argues that it was prejudiced because the parties discussed the filing of an amended complaint before the due date for Defendant's response to avoid the expense of motion briefing, and that Plaintiff's dilatoriness caused it to incur attorneys' fees for preparing a motion to dismiss.  This argument is rejected, because under Rule 15(a)(1), Plaintiff had until 21 days after a Rule 12(b) motion to file an amended complaint as a matter of course.  The fact that Plaintiff did not amend the complaint before Defendant's due date for a 12(b) motion is therefore irrelevant to the issue of prejudice resulting from delay.

/ / / / /

1  Defendant does not maintain that it has been prejudiced by Plaintiff's delay after the time
2 to amend as a matter of course has expired.  In addition, Defendant does not contend that
3 Plaintiff acted in bad faith during this time.  Based on the foregoing, Plaintiff has established
4 good cause and excusable neglect sufficient to grant his request for enlargement of time.
5  However, because it appears that the amended complaint does not address the issues
6 raised in Defendant's motion to dismiss and in the interests of judicial efficiency, the amended
7 complaint Plaintiff filed May 10, 2010 is **REJECTED**.  No later than seven (7) days after this
8 order is filed, counsel for both parties shall meet and confer in person regarding the remaining
9 defects in the amended complaint.  Plaintiff is granted twenty-one (21) days from the date this
10 order is filed to either file an opposition to Defendant's motion to dismiss or an amended
11 complaint which addresses the issues raised in the motion to dismiss.
12  **IT IS SO ORDERED.**

14 DATED: May 24, 2010

15  _____
16  M. James Lorenz
    United States District Court Judge
17 COPY TO:

18 HON. RUBEN B. BROOKS
    UNITED STATES MAGISTRATE JUDGE
19 ALL PARTIES/COUNSEL