UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. RUBIN,<br><br>                    Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>                    Defendant. | Civil No. 10cv407-L(RBB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Defendant filed a Motion to Dismiss for Plaintiff's Failure to Prosecute and/or to Obey Court's May 24, 2010 Order ("Motion"). Plaintiff did not file an opposition. The Motion came on for a hearing on January 31, 2011 at 10:30 a.m. Only Seth L. Neulight, Esq., counsel for Defendant, appeared at the hearing. For the reasons which follow, Defendant's Motion is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, for a More Definite Statement is **DENIED** as moot.

This employment termination action was initially filed in State court and removed to this court based on federal question jurisdiction under 28 U.S.C. Section 1331, because Plaintiff alleged a claim under Family and Medical Leave Act, 29 U.S.C. § 2606 *et seq.* Plaintiff's state law claims were removed based on supplemental jurisdiction under 28 U.S.C. Section 1367.

/ / / / /

After removal, Defendant filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) or in the alternative for a more definite statement under Rule 12(e). Plaintiff did not file an opposition, and the motion was submitted on May 3, 2010 as unopposed. On May 4, 2010 Plaintiff filed a notice of non-opposition, which stated in its entirety:

> Plaintiff will not be filing opposition to Defendant's motion, per se; in light of Defendant's arguments, Plaintiff will instead be preparing and filing an amended pleading in advance of the scheduled hearing date.

On May 10, 2010 Plaintiff filed an amended complaint. On May 12, 2010 the court issued an order to show cause. Because the amended complaint was untimely under Rule 15(a)(1)(B), the court ordered Plaintiff to show cause why the amended complaint should not be stricken. Defendant was ordered to inform the court whether it opposed the filing of the untimely amended complaint and whether the amended complaint mooted the pending motion to dismiss.

In response to the order to show cause, Plaintiff retroactively requested an extension of time to file the amended complaint. Defendant filed a response stating the amended complaint did not address the issues raised in the pending motion and should be stricken as untimely.

On May 24, 2010 the court issued an order rejecting the amended complaint because it did not address the issues raised in the pending motion. However, the parties were ordered to meet and confer within 7 days regarding the remaining defects in the amended complaint, and Plaintiff was given until June 14, 2011 to file either an opposition to Defendant's motion to dismiss or an amended complaint which addressed the issues raised by the motion.

Plaintiff filed neither an opposition nor an amended complaint. On May 25, 2010 Defendant's counsel Seth Neulight e-mailed Plaintiff's counsel Deb Pedersdotter to schedule a meeting and conference pursuant to the May 24, 2010 order, however, she did not immediately respond. (Decl. of Seth L. Neulight at 1 & Ex. A.) On May 27 Mr. Neulight received an e-mail from Ms. Pedersdotter proposing May 31. (*Id*. at 1 & Ex. B.) Mr. Neulight could not meet on that day, and tried to reschedule the meeting, but did not receive a response prior to the May 31, 2010 deadline. (*Id*. at 1-2 & Ex. B.) The parties therefore did not meet and confer as ordered.

/ / / / /

The parties did not communicate again until June 14, 2010, the due date for Plaintiff's amended complaint or opposition brief, when Ms. Pedersdotter contacted Mr. Neulight to let him know that Plaintiff intended to file an amended complaint that day or the next. (*Id*. at 2.) However, Plaintiff did not file anything. On July 23, 2010 Mr. Neulight called Ms. Pedersdotter to inquire whether Plaintiff intended to proceed with the case. She told him she would speak with Plaintiff and let Mr. Neulight know, but she did not again contact Mr. Neulight. (*Id*.) Mr. Neulight called Plaintiff's counsel again in mid-August, and was informed that the delay in filing was due to her health issues and involvement in an auto accident; however, she indicated she would file papers shortly. (*Id*.) As of August 30, 2010, Plaintiff had not filed anything. Mr. Neulight e-mailed Ms. Pedersdotter to inquire about the status and informed her of Defendant's intent to file a motion to dismiss for failure to prosecute. (*Id*. at 2-3 & Ex. C.) Plaintiff's counsel did not respond. (*Id*. at 3.) On October 13, 2010 Mr. Neulight called her again to inquire as to Plaintiff's intent to prosecute. She informed him that Plaintiff intended to prosecute the case, but, beyond stating that Defendant would receive "something" by October 20, she could not be more specific. (*Id*.) Plaintiff did not file or otherwise provide Defendant with anything by that date. Plaintiff did not comply with the May 24, 2010 order because he did not file an amended complaint or an opposition by the June 14, 2010 due date. To date, he has not filed either document.

On December 10, 2010 Defendant filed the instant Motion under Rule 41(b). Plaintiff did not file a response. By failing to file either an opposition or a notice of non-opposition, Plaintiff violated Civil Local Rule 7.1, which required a filing no later than January 14, 2011. Civ. Loc. Rule 7.1(e)&(f).

On January 24, 2011 the court issued a notice of hearing on Defendant's Motion, which ordered counsel to appear, and ordered Plaintiff's counsel to serve the notice on Plaintiff, so that he may attend, if he so desired. Plaintiff's counsel failed to comply with the order, because she did not file the affidavit and did not appear at the hearing.

In its Motion, Defendant argues that this case should be dismissed under Rule 41(b) because Plaintiff has failed to prosecute his claims and because he has failed to comply with the

May 24, 2010 order. Rule 41(b) provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  To determine whether to dismiss an action for failure to prosecute or failure to comply with a court order, the court must weigh five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal with prejudice for failure to timely file amended petition).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Given Plaintiff's failure to take any steps to prosecute this action since May 2010, the first factor favors dismissal. *See Pagtalunan*, 291 F.3d at 642 ("failure to pursue the case for almost four months").

With respect to the second factor, Plaintiff's untimely and unsuccessful filing of an amended complaint, request for additional time, and subsequent failure to prosecute have consumed some of the court's time that could have been devoted to other cases on the docket. *See id*.  "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]."  Accordingly, this factor also weighs in favor of dismissal." *Id*.

To make an adequate showing on the third factor, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. . . . [P]endency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.  Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by unreasonable delays." *Id*. (internal quotation marks and citations omitted).  However, the law presumes prejudice if the delay is unreasonable." *In re Phenylpropanolamine ("PPA") Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir.2006).  "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."

*Pagtalunan*, 291 F.3d at 643.  "The presumption may be rebutted and if there is a showing that no actual prejudice occurred, that fact should be considered when determining whether the district court exercised sound discretion.  A plaintiff may proffer an excuse for delay that, if anything but frivolous, shifts the burden of production to the defendant to show at least some actual prejudice."  *Id*. at 1228 (internal citations and quotation marks omitted).

Although Ms. Pedersdotter informed Mr. Neulight that delay had been caused by her medical issues and an auto accident, this explanation does not cover the entire period of the delay.  Ms. Pedersdotter informed Mr. Neulight on June 14, 2010 that she would file an amended complaint on that day or the following day.  (Seth L. Neulight Decl. at 2.)  Therefore, the explanation, which was provided to Defendant in mid-August (*id*.), covers only the time *after* the June 14, 2010 due date had already passed.  The explanation given to Defendant therefore does not explain why Plaintiff failed to timely file.  Furthermore, Plaintiff had the opportunity to file a response to Defendant's Motion and appear at the hearing to provide an explanation to the court, but did not do so.  Because Plaintiff's failure to timely file is unexplained, the presumption of prejudice remains unrebutted.  The third factor therefore favors dismissal.  *See Pagtalunan*, 291 F.3d at 643.

With respect to the fourth factor, consideration of less drastic sanctions than dismissal must occur after Plaintiff had violated an order.  Although on May 24, 2010 the court extended the time for Plaintiff to file an amended complaint or an opposition to Defendant's Rule 12(b)(6) motion, Defendant at least twice warned Plaintiff's counsel that it would seek dismissal for failure to prosecute and comply with orders (Seth L. Neulight Decl. Ex. C & D), and although this court's Civil Local Rules provide for dismissal after six months of inactivity, Civ. L. R. 41.1(a), the court has not considered less drastic sanctions *in response to* Plaintiff's failure to comply with the May 24, 2010 order.  *See Yourish*, 191 F.3d at 992; *Pagtalunan*, 291 F.3d at 463.  The fourth factor therefore weighs against dismissal.

Last, "[p]ublic policy favors disposition of cases on the merits."  *Pagtalunan*, 291 F.3d at 463.  This generally counsels against dismissal.  *See PPA Prod. Liab. Litig.*, 460 F.3d at 1228.  Nevertheless, "a case that is stalled or unreasonably delayed by a party's failure to comply with

deadlines . . . cannot move forward toward resolution on the merits.  [Therefore] this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal citations and quotation marks omitted).  The last factor therefore does not counsel against dismissal.

      Based on the foregoing, Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute and/or to Obey Court's May 24, 2010 Order is **GRANTED**.  *See Pagtalunan*, 291 F.3d at 463.  This action is **DISMISSED WITHOUT PREJUDICE**.  Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, for a More Definite Statement is **DENIED** as moot.

      **IT IS SO ORDERED.**

DATED: January 31, 2011

                                       M. James Lorenz
                                       United States District Court Judge

COPY TO:

HON.  RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL